LEONILDA ROSAS, Plaintiff and Appellee, *v.* HEIRS OF A. BRUNO VÁZQUEZ, Defendants and Appellants; NICASIA BENJAMÍN, Plaintiff and Appellee, *v.* HEIRS OF A. BRUNO VÁZQUEZ, Defendants and Appellants; CONCEPCIÓN RODRÍGUEZ, Plaintiff and Appellee, *v.* HEIRS OF A. BRUNO VÁZQUEZ, Defendants and Appellants.

Nos. 4663, 4664, and 4665. Argued January 22, 1930.—Decided June 16, 1930.

*López de Tord & Zayas Pizarro* for appellants. *Arjona & Arjona* for appellees.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

These are three actions prosecuted before the District Court of Ponce against Antonia Bruno de Vázquez who, as the original defendant, was alleged to be the owner of an enterprise for the exhibition of moving pictures and having a theater or building devoted to that purpose in Ponce. It was further alleged in the complaints that on the night of May 15, 1927, a certain film was being shown in the premises used by the defendant in Ponce for such exhibitions and that,

after paying the admission price, the plaintiffs entered the said premises; that the moving picture machine used on said occasion was being operated by an employee of the defendant who was not legally authorized to operate such machines; that the defendant permitted strangers to go into the operator's booth during the exhibition; that the machine used for the projections was in bad condition and that the film which was being exhibited was also defective and dangerous; that the premises used in that exhibition had no emergency doors or signs pointing to the exits, and the seats in the theater were loose and not attached to the floor; that on the said night and due to the negligence of the defendant in employing as an operator an unlicensed person, in using a defective film and in allowing unauthorized persons to go into the operator's booth, while the projecting machine was being operated, the film caught fire, the flames were reflected on the screen, and the audience frantically attempted to leave the premises finding no other exit except the front door; that the chairs were overturned and the plaintiffs stumbled and fell and were trampled upon by the crowd and hurt by the chairs, thereby sustaining several injuries. Each of the plaintiffs alleged injuries and damages in a specified amount.

On June 30, 1927, the defendant filed a motion to strike out, which was denied. On July 28 of the same year Rafael Bruno Vázquez appeared and filed a demurrer and a motion for the substitution of parties defendant by reason of the death of the defendant Antonia Bruno. In the demurrer the movant stated that he appeared "as a member of the succession of the defendant and for the benefit of such succession."

In the answer the essential averments of the complaint were denied and certain special defenses set up, which we shall not reproduce here, this being unnecessary for the purposes of the present opinion.

The actions were proceeded with and tried before the district court, which adjudged Rafael, Enriqueta, Ramona, Edgardo Antonio José, Antonio Andrés, and Eduardo Enrique

Vázquez Bruno to pay to the plaintiffs damages in the amounts specified in each case.

The three cases were heard jointly on the same evidence, except as regards the amount of damages claimed by each plaintiff, and in that consolidated condition they have reached the appellate stage where identical records (a copy for each case) have been used and the appeals heard at the same term and on the same day.

The briefs filed in the three cases are also identical.

The appellants have assigned ten errors. As it will be seen, it is not necessary to consider them all.

The first and second assignments are as follows:

"First error. The court erred in holding that the children or heirs of defendant Antonia Bruno Vázquez have been substituted in place of the said defendant; and it likewise erred in failing to hold that Rafael Vázquez Bruno was the only one to appear for himself and for the benefit of the succession.

"Second error. The court erred in rendering a judgment against the other heirs of A. Bruno Vázquez without summoning them in any manner and without acquiring jurisdiction over them."

A complaint appears from the record dated June 6, 1927, in which A. Bruno Vázquez is named as defendant and who appeared on the 20th of that month and filed a motion to strike out. On July 28, 1927, Rafael Bruno Vázquez, through the same counsel who had represented the original defendant, appeared *"as one of the heirs of decedent A. Bruno Vázquez and in behalf of said heirs"* and filed a demurrer. On the same day and through the said counsel, Rafael Vázquez Bruno filed a motion in which he alleged that Antonia Bruno, widow of Vázquez, died in San Juan, P. R., on June 20, 1927, after having appeared in this action, leaving as her only heirs her legitimate children Rafael, Enriqueta, Antonio, Edgardo and Eduardo Vázquez Bruno; that the movant had not communicated with the other heirs, and for that reason he appeared for himself and for the benefit of the succession; and he prayed that said succession of Antonia Bruno be consid-

ered as a party defendant. That motion was granted by the court by an order of the same date. Thereupon Rafael Vázquez answered the complaint in his capacity as a member of that succession and for the benefit thereof.

As appears from the opinion of the trial court, there was advanced in that court the contention, which is also urged now on appeal in these cases, that the said succession had not been summoned nor in fact made a party in the actions., The trial judge thought that the succession had become a party defendant and as such acted through attorneys López de Tord and Zayas Pizarro; and the judgment rendered is predicated upon that belief.

A stranger case than this one will seldom be found: After appearing in the action and securing by a motion that the succession be made a party defendant the movant, an heir, objects to the consequence of his own motion, that is, that the succession be considered as such party defendant and on appeal he urges the same contention.

The fact should be borne in mind that the heir Rafael Vázquez stated- in his motion that he had not communicated with his co-heirs. Logically, therefore, he lacked authority to ask that the entire succession be made a party defendant. The court ought to have denied the motion, whether or not the plaintiffs objected; but surely the party who filed that motion is not the one best qualified to allege error thereon, since that party himself caused the error and he is in law and justice precluded from escaping the consequence of his own acts.

Among other statutory provisions there should be considered in this connection section 43 of the Code of Civil Procedure (:Comp. Stat. 1911, par. 5027), which reads as follows:

"If an action is commenced within the time prescribed therefor, and the plaintiff or plaintiffs, if there be more than one, shall die and the cause of action is one that survives, or if the defendant or any of the defendants, if there be more than one, shall die, the cause of action shall not abate by reason of such death, but the court on

application of any one of the parties shall summon the executor, administrator or heir of such deceased party or parties, and such summons shall be issued, executed and returned in the manner required by law for ordinary summons, and the executor, administrator or heir shall thereby be required to appear and prosecute (or defend) such suit, and after due service of such summons has been had, the cause shall proceed in the name of the new party or parties, and the court shall thereafter render such judgment as the law and the facts may authorize.

''If the action is pending on appeal before the Supreme Court, the cause of action shall not abate by reason of the death of any of the plaintiffs, if the action is one that survives, nor by reason of the death of any of the defendants, but the court shall proceed to adjudicate such cause and render judgment thereon, as if all parties thereto were living, and such judgment shall have the same force and effect as if rendered in the lifetime of all the parties thereto.''

The above section sets forth the procedure which should have been followed to avoid the situation now existing in this litigation. The court, on application of any of the parties, ''shall summon the executor, administrator or heir of such deceased party or parties, and such summons shall be issued, executed and returned in the manner required by law for ordinary summons.'' Nothing appears from the record before us to show that any of the parties has moved for a compliance with the requirements of the above section or that the several heirs have been summoned. We fail to find any provision of law which would authorize an heir to appear *as a party defendant* for the benefit of his co-heirs, who can only be considered as in court after having been properly summoned. This is not the case where an heir prosecutes *as plaintiff* an action in which the inheritance community is interested; the present case is distinct.

It seems that section 63 of the said code might have also been borne in mind. That section says:

''Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a·complete determination or settlement of the ques-

tion involved therein. And in an action to determine the title or right of possession to real property which, at the time of the commencement of the action, is in the possession of a tenant, the landlord may be joined as a party defendant.''

The above provisions, taken in connection with those of section 73 of the same code, could have aided the trial court in solving the problem, in a case where it was imposible to decide fully the controversy without the intervention of the other heirs of Antonia Bruno.

Seemingly there is some conflict between said section 43 and section 69 of the same code, which reads as follows:

''An action or proceeding does not abate by the death or disability of a party, or by the transfer of any interest therein, if the cause of action or proceeding survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding.''

We do not think that such a conflict really exists. Section 43 clearly points out the procedure to be followed. Section 69 establishes the power of the court to allow the continuation of the action or proceeding against the representative or successor of the deceased or incapacitated party.

Of course, at this stage of the proceedings it is regrettable to discover a defect such as the one pointed out and not to be able to determine the right of the appellant to raise the question involved, since the appellants in the actions are not the heirs of Antonia Bruno, who were not summoned, but the heir who appeared and submitted to the jurisdiction of the court. However, a jurisdictional question is involved, since the trial court did not acquire jurisdiction of the other members of the succession, because they were not duly summoned nor voluntarily appeared, and we are entitled to consider and to determine such question.

In the cases herein the lower court did not acquire jurisdiction over the heirs Enriqueta, Edgardo, Antonio and Eduardo Vázquez Bruno, who were not brought before it by legal process, nor did they put in a voluntary appearance.

It is unnecessary to consider the other errors assigned.

As we think that the error committed by the lower court can be corrected, we must reverse the judgments appealed from and remand the cases to the District Court of Ponce for further proceedings not inconsistent with this opinion.